UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

CIERRA CHARITY LEE,

Defendant.

Case No. ~~25-MJ-258-GMH-2~~
26-CR-58-2 (CRC)

## GOVERNMENT'S STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I. Elements of the Offense

**A. Kidnapping (18 U.S.C. § 1201(a)) (Count 1 of the Information)**

The essential elements of Kidnapping, in violation of 18 U.S.C. § 1201(a), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away a victim;

2. That the defendant held the victim for ransom, reward, or other benefit or reason;

3. That, the victim was transported in interstate or foreign commerce; or the defendant traveled in interstate or foreign commerce or used the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; and

4. The defendant acted unlawfully, knowingly, and willfully.

**B. Armed Robbery (22 D.C. Code §§ 2801, 4502) (Count 2 of the Information)**

The essential elements of Armed Robbery, in violation of 22 D.C. Code §§ 2801, 4502, each of which the Government must prove beyond a reasonable doubt, are:

1. The defendant took property from the victim;

2. The defendant took the property from the immediate actual possession of the victim, or from the victim's person;

3. The defendant did so against the will of the victim;

4. The defendant used force or violence to take the property, by using actual physical force or violence, or by putting the victim in fear;

5. The defendant carried the property away;

6. The defendant took the property without right to it and intending to steal it;

7. The property had some value; and

8. At the time of the offense, the defendant was armed with, or had readily available, a weapon, and that weapon was dangerous.

## II. Penalties for the Offense

### A. Kidnapping (18 U.S.C. § 1201(a)) (Count 1 of the Information)

The penalties for Kidnapping, in violation of 18 U.S.C. § 1201(a), is as follows:

1. a maximum term of imprisonment of life;
2. a fine not to exceed $250,000;
3. a term of supervised release of not more than five years, after any period of incarceration; and
4. a special assessment of $100.

### B. Armed Robbery (22 D.C. Code §§ 2801, 4502) (Count 2 of the Information)

The penalties for Armed Robbery, in violation of 22 D.C. Code §§ 2801 and 4502, is as follows:

1. a maximum term of imprisonment of thirty years;
2. a fine not to exceed $75,000;

3. a term of supervised release of not more than five years; and

4. a special assessment of $100.

## III. Factual Proffer

Had this case gone to trial, the Government's evidence would have proven the following:

On October 20, 2025, at approximately 8:00 p.m., Defendant Lee requested that Victim 1 come to 2402 Irving Place Southeast, Washington, D.C., under the pretense that Victim 1 would babysit Defendant Lee's child. When Victim 1 arrived, Defendant Lee escorted Victim 1 and Victim 2 (Victim 1's friend) into the basement of the residence.

Once inside, Defendant Bynum launched a violent attack, stabbing Victim 1 multiple times in the back with a knife and injuring Victim 2 during the assault. Defendants Lee and Bynum then physically forced both the victims into a nearby bathroom and bound their hands with duct tape.

While the victims were restrained, Defendant Lee questioned Victim 1 about a pending case against Defendant Kayvon Edwards in Prince George's County, Maryland (Case No. 25-0002554).[1] Defendant Lee and Defendant Bynum then searched the victims' pockets and stole their phones and car keys. The defendants also took Victim 2's apple watch, phone charger, and headphones.

Defendants Lee and Bynum then escorted the victims—who were still bound—to Victim 1's Kia EV6 and placed duct tape over their eyes to prevent them from seeing. Defendants Lee and Bynum then attempted to transport the victims to Pennsylvania to prevent Victim 1 from appearing in Defendant Kayvon Edwards's rape case pending in Prince George's County, Maryland (Case No. 25-0002554).

During this transportation, Defendant Bynum caused Victim 1's vehicle to sustain a flat

[1] In this matter, Defendant Kayvon Edwards was charged with several felony offenses for allegedly raping Victim 1. The case was dismissed (nolle prosequi) on October 21, 2025.

tire, which thwarted Defendant Bynum and Defendant Lee's plan of removing the victims from the jurisdiction. Defendants Bynum and Lee ultimately abandoned Victim 1's vehicle while the victims were still taped and bleeding inside.

At the time of these offenses, Defendant Kayvon Edwards was incarcerated in Prince George's County, Maryland, in connection with Case No. 25-0002554. During this time, and for several weeks leading up to the events on October 20, 2025, Defendant Edwards used the jail phones to communicate with Defendant Lee and Defendant Bynum about their plan to kidnap Victim 1.

These communications reflect coordinated and deliberate planning. Defendant Edwards and the female defendants discussed among other things: (i) the purpose of kidnapping Victim 1, which was to prevent her from appearing in Prince George's County, Maryland Case No. 25-0002554; (ii) where the kidnapping should take place; (iii) when the kidnapping should occur; (iv) who would drive the getaway vehicle; (v) the consequences of getting caught by law enforcement; (vi) the victims' status and well-being on October 20, 2025; and (vii) how the female defendants were going to get away from the crime scene on October 20, 2025.

The following calls illustrate the defendants' coordinated and deliberate planning. Approximately two hours before the charged events, Defendant Edwards spoke with Defendant Bynum and asked her if she knew how to drive and what she was doing. Defendant Edwards questioned whether Defendant Bynum trusted herself to get to the destination and further noted, "If you get caught while he in that car you're done." Defendant Edwards told Defendant Bynum, "Please do not let me the [f**k] down," and stated that, because he would be at court, he wouldn't know about the "type of fun y'all going be having."

On another call around the same time, Defendant Edwards spoke with Defendant Lee.

During this conversation, Defendant Edwards told Defendant Lee to put Victim 1 into an "L," i.e., "choke h[er] ass out." Defendant Edwards also told Defendant Lee to make sure Victim 1 "can't go anywhere because [s]he is going to run."

While the victims were bound in the Kia EV6, Defendant Edwards called Defendant Lee. During this exchange, Defendant Lee told him about how Defendant Bynum had damaged the car and caused it to get a flat tire. Defendant Edwards also: (i) asked Defendant Lee where Victim 1 was, to which Defendant Lee responded, "back of the car"; and (ii) provided Defendant Lee with contact information for an individual that could help her escape from the crime scene. Towards the end of the call, Defendant Lee told Defendant Edwards that they took Victim 1 and "h[er] best friend" too.

On another call a few minutes later, Defendant Lee confirmed for Defendant Edwards that Victim 1 was going to drop her charges against him and that she was not going to show up to court in Prince George's County, Maryland.

Both victims went to the hospital for their injuries. According to medical records, Victim 1 was treated in the emergency department for four stab wounds to the back and one stab wound to the hand, and Victim 2 was treated for a stab wound to the wrist.

In furtherance of the commission of these above-mentioned crimes, the defendants used cellular telephones to communicate and coordinate their actions, each of which constitute a means, facility, or instrumentality of interstate commerce.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime. This Statement of

the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offense to which she is pleading guilty.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES
ATTORNEY

*/s/ Joshua Satter*
JOSHUA SATTER
Assistant United States Attorney
N.Y. Bar No. 5477112
United States
Attorney's Office 601
D. Street, NW
Washington, DC 20579
(202) 252-7566
Josh.Satter@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement after signing it, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, after it is signed, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 3-17-26

Cierra Lee
Cierra Charity Lee

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with my client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, by signing the Plea Agreement, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement after signing it, or breaches the Plea Agreement.

Date: 3-17-26

Alfred Guillaume
Attorney for Defendant